Donald. S. Edgar, Esq. SB #139324
Rex Grady, Esq. SB #232236
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA 95401
Tel: (707) 545-3200 / Fax: (707) 578-3040
don@classattorneys.com
jrg@classattorneys.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTIE KING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER INC., McKESSON CORPORATION, <br><br> Defendants. | Case No. CV 14-1823-FMO (ASx) <br><br> **PLAINTIFFS' OBJECTION TO PFIZER'S NOTICE OF RELATED CASES** |

Plaintiffs Mattie King, et al., object to the Notice of Related Cases by Defendant Pfizer Inc., filed March 12, 2014.

1. Defendant Pfizer, Inc. erroneously filed a Notice of Related Cases, seeking to have this action deemed related to seventeen (17) cases that at one time

-1-
PLAINTIFFS' OBJECTION TO NOTICE OF RELATED CASES

were pending before the Honorable Cormac J. Carney, involving allegations of personal injuries due to ingestion of the prescription medication Lipitor. This action does not bear any relation to the Lipitor actions previously pending before Judge Carney because those cases, unlike this one, were directly filed in federal court against Pfizer and Doe Defendants only.[1] As Pfizer concedes, all those cases "have recently been transferred or are expected to soon be transferred to the Lipitor multidistrict litigation ('MDL'), *In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No. II)*, MDL No. 2502, which is currently pending before the Honorable Richard Gergel in the District of South Carolina." Notice of Related Cases by Pfizer Inc. at 1. It is Pfizer's intention that this action, like the supposedly related cases, ultimately be transferred to the MDL. *See* Notice of Pendency of Other Actions or Proceedings at 2.

2.   Unlike this action, the allegedly related Lipitor cases were directly filed in federal district court and were appropriate for transfer to the MDL because subject matter jurisdiction exists in all those cases by virtue of diversity. No non-diverse Defendant was sued in any of the 17 allegedly related cases, and the plaintiffs in all of those cases appear to have acquiesced in the process by which those cases were (or will be) transferred to the MDL.

3.   Here, on the other hand, Plaintiffs filed a state court action against both Pfizer and a non-diverse, California Defendant – McKesson Corporation – and Plaintiffs intend to seek remand on the basis that, absent diversity, there is no federal subject matter jurisdiction. To be clear, Plaintiffs here do not acquiesce in transfer to the MDL and contest the existence of federal subject matter jurisdiction.

---

[1] In one of the 17 allegedly related cases – Valenti v. Pfizer, Inc., No. 13 Civ. 8708 – the plaintiff sued Pfizer only and did not assert claims against any Doe defendants.

-2-
PLAINTIFFS' OBJECTION TO NOTICE OF RELATED CASES

4. Pfizer asserts that this Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"). But CAFA specifically precludes transfer to an MDL Court of a case removed under the Act. 28 U.S.C. § 1332(d)(11)(C)(i) ("Any action(s) removed to Federal court pursuant to this subchapter shall not thereafter be transferred to any other court pursuant to section 1407 [Multidistrict litigation], or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407").

4. Pfizer alternatively contends that this Court has subject matter diversity because Defendant McKesson (which has not joined in Pfizer's removal) was fraudulently joined. But in the context of motions to remand and fraudulent joinder, prescription drug distributors are not fraudulently joined, and thus, their presence defeats diversity. Many of the cases so holding have involved McKesson, the distributor Pfizer claims has been fraudulently joined, and have facts very similar to those in the present case. *See, e.g.*, *Maher v. Novartis Pharma. Corp.*, No. 58984, 2007 U.S. Dist. LEXIS 58984, at *10-11 (S.D. Cal. 2007) (citing numerous California District Court cases and remanding a pharmaceutical products liability case in which McKesson was a defendant); *see also Black v. Merck & Co., Inc.*, No. 038730, 2004 U.S. Dist. LEXIS 29860, at *10 (C.D. Cal. 2004) (holding that strict liability for failure to warn extends beyond manufacturers to retailers and wholesalers, including McKesson, and remanding the case); *Moorhouse v. Bayer Healthcare Pharm. Inc.*, No. 08-01831 SBA, 2008 WL 2477389 (N.D. Cal. June 18, 2008); *Hamzey v. Bayer Corp.*, No. 10-cv-0526 JM CAB, 2010 WL 2011529, at *4 (S.D. Cal. May 19, 2010); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 624 F. Supp. 2d 396 (E.D.

Pa. 2009); *Mandernach v. Bayer Corp.*, No. 09-cv-02306-JHNOPX, 2010 WL 532537, at *4 (C.D. Cal. Feb. 8, 2010).

5. Thus, unlike the other cases pending before Judge Carney, this case should not be transferred to the MDL because federal subject matter jurisdiction does not exist. Moreover, because of the unique jurisdictional issues applicable to this case, this action does not call for a determination of substantially similar questions of law as those Lipitor cases that were or are pending before Judge Carney, and therefore, it should not be determined to be a Related Case to those actions. *See* L.R. 83.1.3. 3.

6. Counsel for Plaintiffs have met and conferred with counsel for Pfizer, pursuant to Local Rule 7-3, regarding their intention to file a motion to remand. Plaintiffs will be filing a motion to remand this action early next week.

7. Based on the foregoing facts, Plaintiffs request this Court to deny Pfizer's efforts to have this action deemed related to the seventeen purportedly related actions identified in the Notice of Related Cases by Defendant Pfizer, Inc.

Dated: March 19, 2014      *EDGAR LAW FIRM*

s/Donald S. Edgar, Esq.
Donald S. Edgar, Esq.
Rex Grady, Esq.
408 College Avenue
Santa Rosa, CA 95401
Tel: (707) 545-3200 / Fax: (707) 578-3040
don@classattorneys.com
jrg@classattorneys.com
*Attorneys for Plaintiffs*

-4-
PLAINTIFFS' OBJECTION TO NOTICE OF RELATED CASES

PROOF OF SERVICE

I certify that on March 19, 2014, the foregoing was served on all parties to the above-captioned action through CM/ECF filing or by email upon consent.

By: s/Donald S. Edgar, Esq.
Donald S. Edgar, Esq.

-5-
PLAINTIFFS' OBJECTION TO NOTICE OF RELATED CASES