QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Marshall M. Searcy III (Bar No. 169269)
  marshallsearcy@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant Pfizer Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MATTIE KING, et al., | ) | CASE NO. CV 14-1823-FMO (ASx) |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| v. | ) ) | DEFENDANT PFIZER INC.'S RESPONSE TO PLAINTIFFS' |
| PFIZER, INC., et al., | ) ) | OBJECTION TO ITS NOTICE OF RELATED CASES |
| Defendants. | ) ) ) | |

PFIZER'S RESPONSE TO PLAINTIFFS' OBJECTION TO ITS NOTICE OF RELATED CASES

Pursuant to Central District of California Local Rule 83-1.3.2, Defendant Pfizer Inc. ("Pfizer") hereby responds to Plaintiffs' Objection to Pfizer's Notice of Related Cases, dated March 19, 2014, and states as follows:

1.      Plaintiffs' objection ignores this Court's criteria for determination of related cases.  For reasons that Plaintiffs do not explain, Plaintiffs seek to prevent the transfer of this action to Hon. Cormac Carney based on assertions that are both incorrect and irrelevant.  This case and the nearly 90 additional subject cases are plainly related under this Court's rules because they involve allegations of development of type II diabetes due to the ingestion of Lipitor.  Indeed, other Plaintiffs' counsel in this litigation acknowledged this fact, having sought and obtained California state-court coordination of all such actions due to the presence of common questions of law or fact.  Yet Plaintiffs here now argue that the Court should disregard that commonality due to their jurisdictional objections in this case, even though those jurisdictional objections may themselves be considered on an efficient basis by Judge Carney in the related cases.  Plaintiffs also assert that the cases are not related because the removal of this and many other Lipitor actions under a "mass action" theory prevents transfer to the Lipitor MDL in the District of South Carolina.  But these alleged distinctions have no bearing on related case status and, in any event, are incorrect, since the JPML has specifically held that transfer of mass actions is proper where, as here, alternative bases of jurisdiction have been asserted.  Rather than fostering the efficiency and uniformity that the related case procedures are designed to encourage, Plaintiffs would invite inconsistent rulings on the same set of issues by nearly every judge in this district, leading to administrative chaos.  Related case coordination is thus essential, and Plaintiffs' objection should be overruled. The subject cases should be deemed related and assigned to the judge with the lowest case number, here, Judge Carney.

PFIZER'S RESPONSE TO PLAINTIFFS' OBJECTION TO ITS NOTICE OF RELATED CASES

2.      Prior to the removal of this action to federal court, seventeen similar actions alleging the development of type II diabetes due to Lipitor had been filed in this Court, where they were transferred to Judge Carney as related cases under Local Rule 83-1.3.1.  On March 12, 2014, Pfizer removed this and almost 90 other actions alleging type II diabetes due to Lipitor to this Court.  Pfizer asserted subject matter jurisdiction on the basis that Plaintiffs' proposal to coordinate the claims in the actions before one California state-court judge under California Code of Civil Procedure § 404.1 rendered them a "mass action" under the Class Action Fairness Act (CAFA) because it constituted a proposal to try the constituent claims jointly. *See* 28 U.S.C. § 1332(d)(11).  Significantly, this issue is currently pending before the Ninth Circuit *en banc*, which recently granted rehearing of a panel decision that created a circuit split by rejecting this theory of removal under similar circumstances. *See Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918, 923 (9th Cir. 2013), *reh'g en banc granted*, (9th Cir. Feb. 10, 2014).  And in addition to mass action removal, Pfizer also removed these cases on the basis of traditional diversity jurisdiction due to fraudulent joinder and, where applicable, procedural misjoinder.  Pfizer is identifying the removed actions to the JPML as appropriate for transfer to the Lipitor MDL.

3.      Because these removed Lipitor cases, like the previously filed Lipitor cases, alleged development of type II diabetes due to Lipitor, Pfizer designated them as related under Local Rule 83-1.3.1.  Indeed, these cases plainly meet two of the four available tests for relatedness.  First, they "call for determination of the same or substantially related or similar questions of law and fact"—for example, whether Lipitor can cause type II diabetes and whether Pfizer adequately warned of any alleged risk.  *See* L.R. 83-1.3.1.  Second, these cases "would entail substantial duplication of labor if heard by different judges," as the judges would have to issue

PFIZER'S RESPONSE TO PLAINTIFFS' OBJECTION TO ITS NOTICE OF RELATED CASES

separate determinations on these common substantive issues.  *See id.*[1]  Moreover, Judge Carney has already decided the critical preliminary question that Pfizer intends to submit to the Court, having held that the previously filed Lipitor cases should be stayed pending transfer to the Lipitor MDL.  *See Diaz v. Pfizer Inc.*, No. 2:13-6116, slip op. (C.D. Cal. Oct. 31, 2013) (Carney, J.).[2]

4.    Plaintiffs now argue that the common substantive issues regarding Lipitor and diabetes do not render these cases related.  Initially, this position is the opposite of what plaintiffs in this litigation successfully argued in California state court—that all California actions alleging type II diabetes due to Lipitor should be consolidated before "[o]ne judge . . . for all purposes" due to the presence of "common questions of fact or law," including the questions identified above.  (Am. Pet. for Coord. at 6-7 (attached within Dkt. 1).)  Now that these cases have been removed on the basis of that state-court proposal, Plaintiffs cannot be heard to complain that this case will be transferred under related case procedures to a judge who is hearing other cases presenting the very same issues.  Plaintiffs' objection would lead to the very administrative confusion that the state-court coordination proposal purported to resolve.

---

[1]  The other two tests for relatedness—that the claims "arise from the same or a closely related transaction, happening or event" or "involve the same patent, trademark or copyright"—are not satisfied because these claims arise out of individualized occurrences involving each Plaintiff's prescription and use of Lipitor, and this is not an intellectual property matter.  L.R. 83-1.3.1.

[2]  As set forth in Pfizer's notice of removal, Pfizer intends to move to stay the removed cases pending transfer to the Lipitor MDL, as recognized in *Diaz* and pursuant to the "general rule . . . for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case." *Michael v. Warner-Lambert Co.*, No. 03-cv-1978, 2003 U.S. Dist. LEXIS 21525, at *3 (S.D. Cal. Nov. 20, 2003).

PFIZER'S RESPONSE TO PLAINTIFFS' OBJECTION TO ITS NOTICE OF RELATED CASES

5.      Nor do Plaintiffs' stated objections carry any weight.  Plaintiffs argue that their dispute as to the Court's subject matter jurisdiction precludes a related case designation, but this position is without merit.   That this case presents some questions different from the previously filed Lipitor cases does not in any way negate the presence of "the same or substantially related or similar questions of law and fact," which is the basis for related case designation.   L.R. 83-1.3.1.   Indeed, there are still substantial efficiencies to be gained by determination of common substantive issues, such as causation and warnings, by a single judge.   It is for this reason that the JPML routinely orders transfer of cases that, like these, share common substantive issues, notwithstanding the presence of jurisdictional issues.[3] And, relatedly, courts have repeatedly recognized that those jurisdictional objections may themselves be heard more efficiently by a single judge—whether Judge Carney or, ultimately, the judge presiding over the Lipitor MDL.   *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.").[4]  Thus, even for the jurisdictional questions, related case coordination is imperative.

---

[3]   *In re: Tribune Co. Fraudulent Conveyance Litigation*, MDL No. 2296, 2011 WL 6740260, at *2 (J.P.M.L. Dec. 19, 2011); *In re: Bridgestone/Firestone, Inc.*, MDL No. 1373, 2000 WL 33416573, at *1 (J.P.M.L. Oct. 24, 2000); *In re Microsoft Corp. Windows Operating Systems Antitrust Litigation*, No. 1332, 99-76056, 2000 WL 34448877, at *2 (J.P.M.L. Apr. 25, 2000).

[4]   *See also, e.g.*, *J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013); *Couture v. Hoffman-La Roche, Inc.*, No. C-12-2657 PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012); *Scroggins v. Hoffman-La Roche, Inc.*, No. C-12-2615 SI, 2012 WL 2906574 (N.D. Cal. July 16, 2012); *Lingle v. DePuy Orthopaedics, Inc.*, No. 11-cv-1486, 2011 WL 5600539, at *2 (S.D. Cal. Nov. 17, 2011).

6.      In the same vein, Plaintiffs contend that the removed Lipitor cases are not related to the previously filed Lipitor cases because they cannot be transferred to the MDL.  Initially, this is irrelevant—the question for related case status is not whether MDL transfer is proper, but whether these cases share common questions with those transferred to Judge Carney, as Plaintiffs' state-court filings manifestly show they do.  And although CAFA generally prohibits MDL transfer of mass actions, *see* 28 U.S.C. § 1332(d)(11)(C)(i), the JPML has recently held that this prohibition applies only where, unlike here, alternative bases for jurisdiction have not been asserted.  *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376, 1381 (J.P.M.L. 2013).  Here, in the removed cases, MDL transfer is proper because Pfizer has also asserted traditional diversity jurisdiction due to the fraudulent joinder of Defendant McKesson Corp. and, where applicable, the procedural misjoinder of Plaintiffs, which are issues that the Ninth Circuit has not ruled upon.  Nor does the fact that the previously filed cases have already been transferred to the Lipitor MDL change the related case determination, since the related case rules operate to assign cases to the judge with the lowest docket number even if that case has been closed.  *See Wheat v. California*, No. 11-2026, 2013 WL 450370, at *6 n.8 (C.D. Cal. Feb. 5, 2013) (citing L.R. 83-1.3.1).

WHEREFORE, Pfizer respectfully requests that the Court overrule Plaintiffs' objections and transfer this and all other related cases to Hon. Cormac Carney pursuant to L.R. 83-1.3.1.

PFIZER'S RESPONSE TO PLAINTIFFS' OBJECTION TO ITS NOTICE OF RELATED CASES

DATED:  March 19, 2014         Respectfully submitted,

                               QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP

                               By:  s/ Marshall M. Searcy III
                                    Marshall M. Searcy III

                               *Attorneys for Defendant Pfizer Inc.*

PFIZER'S RESPONSE TO PLAINTIFFS' OBJECTION TO ITS NOTICE OF RELATED CASES

## PROOF OF SERVICE

I certify that on March 19, 2014, the foregoing was served on all parties to the above-captioned action through CM/ECF filing or by email upon consent.

By:  s/ Marshall M. Searcy III
Marshall M. Searcy III

PFIZER'S RESPONSE TO PLAINTIFFS' OBJECTION TO ITS NOTICE OF RELATED CASES